**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ABDOULIE SANKAREH and
ABUBACARR JAITEH,

        Plaintiffs,

v.

SUBSURFACE WATERMAIN & SEWER
CONTRACTORS, INC., d/b/a Pullini Subsurface;
PULLINI SUBSURFACE CONTRACTORS, INC.;
PULLINI WATER MAIN & SEWER
CONTRACTORS, INC.; FAST REPAIR, INC.;
AMERICO PULLINI, an individual; and
EDWARD PULLINI, an individual,

        Defendants.

**COMPLAINT FOR DAMAGES**

Case No. _____

**JURY TRIAL REQUESTED**

---

**INTRODUCTION**

1. Plaintiffs Abdoulie Sankareh and Abubacarr Jaiteh worked for the Defendants water main and sewer repair services company for over 15 years. During this time, Defendants underpaid them in several ways. First, when they worked on public works contracts, they were not paid at the appropriate "prevailing wage" rates. Specifically, Plaintiffs should have been paid at an hourly rate of at least $100. Instead, Plaintiff Sankareh was paid $10 per hour for over a decade and then up to $15 per hour in the following years, and Plaintiff Jaiteh was paid $350 per week for 22 years. Second, plaintiffs were not paid minimum wage. Because they were paid right at minimum wage for over 40 hours of work each week, the net result is that their effective rate of pay for the week was less than the minimum wage. Third, their recorded time was "shaved," or undercounted relative to the number of hours for which they were paid, particularly during workweeks in which

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

overtime pay would have been implicated. Additionally, Defendants acknowledged these underpayments and told Plaintiffs that they would pay them what they were owed but failed to do so after multiple requests for Defendants to keep their word. Fourth, Defendants did not pay the Plaintiffs "spread of hours" pay when they worked a workday spanning 10 or more hours. Fifth, Defendants did not provide Plaintiffs with NYLL required "wage notices," or paystubs. Finally, after Plaintiffs complained about some of these wrongful payment practices, the Defendants fired them.

2. To challenge these and other wage violations, Plaintiffs brings this action, by and through their attorneys, against Defendants Subsurface Watermain & Sewer Contractors, Inc., Fast Repair, Inc., Americo Pullini, an individual, and Edward Pullini, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law (hereinafter, "NYLL"). They also bring associated state law claims of third party beneficiary claims, unjust enrichment, and conversion.

3. Plaintiffs also alleges that Defendants violated the anti-retaliation provisions of the FLSA and NYLL by terminating them in response to their complaints regarding their employer's wage underpayments.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Sankareh v. Subsurface Watermain & Sewer Contractors, Inc.,*
USDC, Eastern District of New York

Complaint
Page 2

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* Defendants' company is based at 1776 East 49th St. in Brooklyn, New York, and, upon information and belief, both named Defendants herein reside in this district.

## PARTIES

7. For decades the Pullini family has owned and operated a business, under various corporate identities and involving various family members, that in broad brush strokes repairs and installs sewer and water main lines, and takes care of other subsurface plumbing issues.

**Corporate Defendants**

8. Defendant **Subsurface Watermain & Sewer Contractors, Inc.** ("Subsurface") is a New York corporation doing business within Kings County, whose principal place of business is located at 1776 East 49th St. in Brooklyn, NY. Its DOS Process agent is listed with the NYS Department of State as Americo Pullini with an address of 2890 Nostrand Ave., Brooklyn, NY 11229.

9. Defendant **Pullini Subsurface Contractors, Inc.** ("PSCI") is an inactive New York corporation that did business within Kings County. Its DOS Process agent is listed with the NYS Department of State as Edward Pullini with an address of 5337 Preston Court, Brooklyn, NY 11234.

10. Defendant **Pullini Water Main & Sewer Contractors, Inc**. ("PWMSCI") is an inactive New York corporation that did business within Kings County. Its DOS Process agent is listed with the NYS Department of State as The Corporation with an address of 834 62nd St., Brooklyn, NY 11220.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

11. Functionally, Defendant Subsurface is the successor entity of PSCI and PWMSCI; it is currently the active corporate entity through with the business of the Pullini's enterprise currently runs. This enterprise is referred to by the phrase "Pullini Subsurface."

12. Defendant **Fast Repair Inc.** is a New York corporation doing business within Kings County, whose principal place of business is located at 1776 East 49th St. in Brooklyn, NY. Its DOS Process agent is listed with the NYS Department of State as The Corporation at the same address; its Registered Agent and CEO are both listed as being Americo E Pullini with an address of 1717 Marine Pkwy, Brooklyn NY 11234.

13. Defendant Americo Pullini has an NYC master plumber license that lists Fast Repair Inc. d/b/a Jack Crane Plumbing & Heating as one of the two affiliated companies (the other one being Subsurface Watermain & Sewer)

14. Defendant Americo Pullini has an ownership interest in and/or is a shareholder of Fast Repair, Inc.

15. Defendant Edward Pullini does not have an ownership interest in and/or is a shareholder of Fast Repair, Inc.

16. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r). Upon information and belief these entities shared common ownership, common management, personnel, infrastructure, purposes, clients, and/or other resources.

**Individual Defendants**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Sankareh v. Subsurface Watermain & Sewer Contractors, Inc.,*
USDC, Eastern District of New York

Complaint
Page 4

17. Defendant **Americo ("Rico") E. Pullini**, an individual, resides in New York. He has residence addresses of 1717 Marine Pkwy in Brooklyn and also one at 3 Gate St. in Hampton Bays Suffolk County.

18. Defendant **Edward Pullini**, an individual, resides in New York. His residence address is 72-37 60th Lane, Queens, upon information and belief.

19. Defendants Americo Pullini and Edward Pullini (collectively, the "Individual Defendants") are brothers.

20. The Individual Defendants' father, Albert Pullini, started the business and ran it before he did.

21. At all times material to this action, both Individual Defendants actively participated in the business of the corporation.

22. At all times material to this action, both Individual Defendants exercised substantial control over the functions of the company's employees including the Plaintiffs.

23. At all times material to this action, both Individual Defendants were each an additional "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

24. Defendant Americo Pullini has an ownership interest in and/or is a shareholder of Subsurface Watermain & Sewer Contractors, Inc.

25. Defendant Americo Pullini is one of the ten largest shareholders of Subsurface Watermain & Sewer Contractors, Inc.

26. Defendant Edward Pullini has an ownership interest in and/or is a shareholder of Subsurface Watermain & Sewer Contractors, Inc.

27. Defendant Edward Pullini is one of the ten largest shareholders of Subsurface Watermain & Sewer Contractors, Inc.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

**Plaintiffs Abdoulie Sankareh and Abubacarr Jaiteh**

28. Plaintiff Abdoulie Sankareh is a resident of the Bronx.

29. At all times material to this action, Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e).

30. Plaintiff Sankareh worked for Defendants for about 17 years, from March 1, 2003 to March 1, 2020, or thereabouts.

31. Plaintiff Jaiteh worked for Defendants for about 22 years, from January 1, 1998 to March 1, 2020, or thereabouts.

32. Plaintiffs' primary duties and responsibilities consisted of repairing and installing water main and sewer pipes.

33. In recent years, Plaintiffs' primary supervisor was Defendant Americo Pullini.

34. While working in this capacity, Plaintiffs were expected to record time worked by punch card or time clock located at the office. These records are or should be in custody or control of the Defendants and/or other entities.

35. Though it varied, Plaintiffs Sankareh and Jaiteh estimate that generally they worked approximately 56 hours per week. They typically started work at 7:00 AM and stopped work at 11 PM, five days per week, but sometimes they would start earlier, stay later, up to around 2 AM, and/or work on Saturday and Sunday.

36. While in this position, Plaintiff Sankareh's pay scheme was on an hourly basis and Plaintiff Jaiteh was paid weekly.

37. Toward the end of his employment, Plaintiff Sankareh's rate of pay was $15 per hour.

38. For 22 years Plaintiff Jaiteh was paid $350 per week.

39. Plaintiffs were never paid for prevailing wage work at a prevailing wage rate.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

40. Defendants "shaved" or improperly adjusted Plaintiffs' time by reducing the number of hours they worked each week to forty to avoid paying them for overtime they worked.

41. Defendants also did not pay Plaintiffs at a rate of one and one half times their correct hourly rate for all hours over forty worked in the workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

42. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

43. Defendants failed to compensate Plaintiffs at a rate of one and one half times their correct normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Late Payments*

44. On at least some occasions, Plaintiffs did not receive their paychecks on the prescribed paydays.

45. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiffs are entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### *Record-Keeping Failures*

46. Because of these unlawful manipulations to the time records, Defendants repeatedly failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Willful & Not Based On Good Faith & Entitlement to Damages*

47. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

48. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

49. As a result of the violations by Defendant of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

50.  Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

51. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Owed Wages*

52. Defendants paid Plaintiffs at a rate less than the proper prevailing wage rate.

53. In doing so, Defendants made deductions from the wages of Plaintiffs other than those authorized under NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10.

*Failure To Pay Minimum Wage*

54. Defendants failed to pay Plaintiffs the minimum wage for all hours they worked, in violation of NYLL § 652.

*Failure To Pay Overtime*

55. Defendants failed to compensate Plaintiffs at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. &

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Sankareh v. Subsurface Watermain & Sewer Contractors, Inc.,*
USDC, Eastern District of New York

Complaint
Page 8

Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

56. Plaintiffs worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

### *Failure To Pay Wages At Prescribed Frequency*

57. The timing and frequency of Plaintiffs' pay was improper.

58. Plaintiffs were "manual workers" as that term is defined in NYLL § 190(4).

59. Plaintiffs were not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

60. Because the employer failed to pay full wages and/or overtime on the regular payment date, Plaintiffs are entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960).

61. When Plaintiffs were separated from the company, the employer failed to pay the wages owing in their final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

### *Failure to Provide Wage Notices*

62. Defendants failed to furnish Plaintiffs with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Sankareh v. Subsurface Watermain & Sewer Contractors, Inc.,*
USDC, Eastern District of New York

Complaint
Page 9

mailing address  if  different;  and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b).

### *Record-Keeping Failures*

63. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

64. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

65. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### *Damages*

66. Due to Defendants' New York Labor Code violations, Plaintiffs are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### As And For A Third Cause of Action:
### PREVAILING WAGE (THIRD PARTY BENEFICIARY) CLAIMS

67.  Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

68. Defendants  have  entered  into  various  contracts  agreeing  to  serve  as contractors or subcontractors for contractors having public works contracts public entities.

69. Federal, state and/or city funds pay for these public works contracts.

70. Plaintiffs performed the work on behalf of Defendants.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

71. Without the labors of the Plaintiffs, Defendants would not have been able to fulfill their contractual obligations.

72. Plaintiffs were third party beneficiaries of the contracts.

73. Plaintiffs were entitled to receive prevailing wages for their work.

74. Defendants failed to pay Plaintiffs the proper prevailing wages for the work they performed under these contracts.

**As And For A Fourth Cause of Action:**
**FLSA – RETALIATION**

75.  Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

76. Plaintiffs inquired or complained verbally about the propriety of the deductions being made to their pay to Defendants.

77. By complaining about the propriety of these pay practices to Defendants, Plaintiffs engaged in activity protected under the FLSA.  See *Kasten v. Saint-Gobain Performance Plastics Corp*., 130 S. Ct. 1890 (2010) (granting certiorari).

78. Defendants fired Plaintiffs.

79. Plaintiffs' termination from employment was an adverse employment action.

80. Plaintiffs' termination from employment was causally connected to their inquiries regarding the propriety of the deductions being made to their pay.

81. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against the Plaintiffs for exercising rights protected under the Act.

82. As a result of these violations by Defendant of the FLSA, the Plaintiffs are entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

**As And For A Fifth Cause of Action:**
**NYLL – RETALIATION**

83.  Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

84. Plaintiffs inquired or complained about not receiving overtime pay and not being paid for all hours worked to Defendants.

85. By complaining about the propriety of these pay practices to Defendants, Plaintiffs engaged in an activity protected under NYLL § 215(2).

86. Defendants terminated Plaintiffs' employment.

87. Plaintiffs' termination from employment was an adverse employment action.

88. Plaintiffs' termination from employment was causally connected to their inquiries regarding the propriety of Defendants' pay practices.

89. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiffs for exercising protected rights.

90. As a result of these violations by Defendants of the FLSA, the Plaintiffs are entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

**As And For A Sixth Cause of Action:**
**CONVERSION**

91.  Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

92. Plaintiffs, as third-party beneficiaries of prevailing wage contracts, had a lawful right to be paid at prevailing wage rates for their work.

93. Defendants intentionally failed to pay Plaintiffs at or above the prevailing wage rates

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

applicable to them.

94. By their deliberate underpayment Defendants committed theft of the balance of Plaintiffs' owed wages.

95. For the civil aspects of this theft, Plaintiffs are entitled to receive conversion damages in an amount to be determined at trial.

**As And For A Seventh Cause of Action:**
**UNJUST ENRICHMENT**

96.  Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

97. Defendants entered into lucrative contracts with the government that contained requirements to pay workers at prevailing wage rates.

98. By retaining the full contractual amounts and not paying the workers the full extent of the prevailing wages that they should have, Defendants were unjustly enriched.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

(A)     Award Plaintiffs unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B)     Award Plaintiffs liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)     Award Plaintiffs liquidated damages pursuant to NYLL § 663;

(D)     Award Plaintiffs appropriate damages for the retaliatory acts taken against them including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

*Sankareh v. Subsurface Watermain & Sewer Contractors, Inc.,*
USDC, Eastern District of New York

Complaint
Page 13

(E)     Award Plaintiffs third party beneficiary, conversion, and/or unjust enrichment

damages;

(F)     Award Plaintiffs interest;

(G)     Award Plaintiffs the costs of this action together with reasonable attorneys' fees;

and

(H)     Award such other and further relief as this Court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a

trial by jury on all questions of fact raised by the complaint.


Respectfully submitted, this **1st day** of **November, 2022.**


AndersonDodson, P.C.

*s/Penn Dodson*
**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639

*s/ Lenard Brumfield*
**Lenard Brumfield (LB 0411)**
*lbrumfield@andersondodson.com*
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*